Good morning, your honors. Michael Proe, appearing on behalf of the appellant, Golden Bear Management Corporation and Delta Adjusting Company. I may refer to them collectively as Golden Bear, but they're two separate parties. With me at council table today is my colleague, Yasbanyu Omidy, and I'd be happy to reserve three minutes please for rebuttal. There are two appeals in one rolled into this case to an extent. There's a jurisdictional issue which, you know, I believe it is important to address at the threshold. There's also a merits issue where we believe that the district court erred even if he had jurisdiction to reach the merits. I'll address jurisdiction first because logically that's where it goes. Realizing that with the limited time today, I don't intend to short the merits arguments and I believe we've hopefully fully briefed those all as well if I do end up short on that. On the issue of jurisdiction, I know there's always a threshold decision when you're addressing jurisdictional challenges. Is it a facial or is it a factual challenge and what are the legal consequences that follow from one or the Here, ultimately, it doesn't matter because we were the plaintiff, so it seemed unusual to be making a facial challenge to our own pleading. That said, the complaint under the standards and 50 associates and... Well, this was a summary judgment, so where, you know, issues like jurisdiction have to be proved with the successive proof at each stage of the litigation. So by the time you hit summary judgment, the allegations of the complaint and whether they complied with Iqbal don't really matter. The question is whether there's evidence in the record factually to sustain the jurisdiction. I agree that jurisdiction has to exist at all stage in the proceedings. Who had the burden to establish that jurisdiction existed? Well, generally, the plaintiff. We initiated the lawsuit and pled information and belief, George McCollum, our prior counsel. We do not know... Did you put into the summary judgment record the necessary evidence to establish jurisdiction? Well, no. Let me address that. First, at the pleading stage, the sufficient facts were not pledged, so under especially we cited some 2025 decisions that have come down by the Supreme Court and this court emphasizing the importance... Complaints, allegations of jurisdiction were deficient under Iqbal, but no one challenged... Let me address both. So even if nobody challenges jurisdiction, in fact, must exist and the pleadings are the original framework to establish those facts. And we cited the Royal Cannon case by the Supreme Court just this year and the Ninth Circuit's cases in Falk and in Rosenwald, reaffirming that unless it is set forth in the pleading, the district court just doesn't have jurisdiction. In fact, that said, you're correct. This case proceeded then because essentially, as I understand, my prior counsel isn't here. I am, of course, but as I understand the indications from discussions with Lloyd's and from Lloyd's responsive pleadings and case management statements and so on is jurisdiction was not going to be a problem. So the case went on. The party's brief summary judgment, I came in at about the discovery cutoff to take over the case because my prior counsel had changed firms to a firm that does work for London and underwriters, whatever you're going to call them, right? And so the case went forward through summary judgment. The district court denied the motions for summary judgment and we sat down to prepare the pretrial conference statement. The Eastern District rule says in item one of the pretrial conference statement, you need to set forth not just the legal basis, but the factual basis for subject matter jurisdiction because it's not waivable, because it can come up at trial and torpedo the proceedings. It can come up post-judgment and torpedo the proceedings. It is a sound practice and the Eastern District says, let's smoke this out at item one of the pretrial conference statement. What is the factual basis for jurisdiction? At that point, I go back and look as well at the corporate disclosure statements that Lloyd's of London filed, which are a mess. They don't disclose anything. They don't even disclose what Rule 7.1 forces you to disclose. And if you take But you never took any discovery during, before the expiration of the discovery cutoff of jurisdictional facts. You could have served discovery. You could have gotten all the information you wanted out of Lloyd's and then it all would have been aired and teed up for summary judgment. But you let the discovery deadline go. You didn't ask for that. And then you were basically seeking discovery after the discovery cutoff on jurisdiction. That's essentially what you were doing in the guise of this statement. I think I would characterize it as the issue was not disputed and that Lloyd's had answered the complaint and said there was jurisdiction. And as far as their status conference statements, that said, you don't waive jurisdiction. Jurisdiction has to exist or not. But you still have to comply with the procedural rules when you have the burden. And you, you know, so we come at this point and the facts aren't there and you have the burden and you were supposed to get the facts if you needed them for before the discovery cutoff and you didn't. I will say that it's correct that we didn't take discovery into jurisdictional facts because as we understood it, the issue was not in dispute. So then at that point, the opposing side makes a proffer to the district court of what it could prove as jurisdictional facts. Essentially, it files a statement, lays out the facts and then we could, if the court wants, we can produce evidence of this and then the court accepts the proffer as sufficient. Why is that wrong? Why is that wrong in your view? Well, we, so what happened is, and we walked through it, we raised it prior to preparing the pretrial conference statement and the folks at Lloyd's said, we'll get back to you on that. Then we raised it in the pretrial conference statement. We raised it at the pretrial conference and the judge said, you know, stop, stop, this isn't a problem here. We asked for it again after the pretrial conference and they said, we're not going to give it to you because the judge said it's not a problem here. And then we went forward and did file a motion, a stylus suggestion of no jurisdiction, which is what Arbaugh says, that those things are called. Because we can't affirmatively, this information was always in Lloyd's of London's exclusive possession and knowledge, the identity of names, right? So we can't go out. That's why you should have served discovery because then you would have it. If it's in dispute, I think it would be. But it was your job to catch this deficiency before the discovery cutoff closed. You just missed it and you dropped the ball and created this problem. If the point is we did not plead jurisdictional facts and we cannot prove jurisdictional facts, I agree we cannot prove jurisdictional facts. And we said as much in our suggestion of no jurisdiction that we as plaintiffs. What happens is it creates a sandbagging situation that you go along with, oh, you know, no one disputes this. You put in statements saying it's not disputed. And then when you see, oh, the hammer is going to fall on summary judgment, then this gets hauled out. That's that's what this looks like. Yeah. And your honor, I. Maybe the jurisdiction is the ultimate hyperspace button. You do get to push it. But you can see the district court's discomfort with how this played out. And I and I would I would disagree just temporarily because at the time we raised this and tried to smoke out the information from from the defendants who always had exclusive control of it, the status quo was a in order of denying summary judgment. We were getting ready for trial. So this wasn't a line in the weeds. Gotcha moment. Right. We are we are trying to address this three or four times before. At the time you filed the formal written objection. Right. You have already had the adverse tentative. A tentative, right. That is true. By the time we got the motion on file in the course of late January into February, we are preparing for the trial motions and trial write ups. Understandably, we as the plaintiff have a problem if no jurisdiction can be established. But the district court lacks jurisdiction. You don't you don't waive or a stop into jurisdiction because, frankly, you know, in this case, you know, my my my view is because basically Lloyds of London doesn't want to give it to you. We did file a formal motion regardless, I guess, of the procedure. I think the facts that were outlined in what I've called the proffer from Lloyds, if true, would be sufficient to establish the district court's jurisdiction? No. Why not? Why? Because it did not get down to the names level and it did not with with detail set forth. All of the names. Right. And with respect to each name, these are all the names there. I say place of incorporation, but they aren't corporations, right? They're UK limited private companies, which aren't corporations. No one contends the syndicates are the relevant jurisdictional entity. And so they took for each syndicate in this what I'm calling a proffer, they went through and said the sole member of this one is this, which is a private limited company. And then they walk through that for each one. So they show that each one goes down, single member ends up in a corporation. And the corporation is organized under the laws of the UK and has its principal place of business in the UK. So the proffer looks like it's sufficient that you drop down to these corporations and all in the UK diversity established. Right. Why? Why isn't that? Why is that wrong, factually? So first, as we indicated, no evidence. But you're saying even if we assumed that this this degree of specificity could be established by the evidence, A, they're not corporations. We addressed that in our briefing. They're UK private limited companies. They're not entitled to the section 1332C1 exception for a corporation because they are not a corporation. And Carden was very strict in that regard with respect to domestic corporations. And there's no reason to believe a different rule would apply to a foreign corporation. Second, they're not foreign corporations. They're UK private limited companies. Second, even if even if we just put on a blinders to 1332C1 and the fact that it uses the word corporation, which the Supreme Court has interpreted to mean corporation and decided this could apply to a UK private limited company, there is zero evidence and zero factual specificity from which principal place of business could be determined for any of these entities under the nerve center tests set forth by the United States Supreme Court in Hertz and applied in innumerable cases since. In fact, Rosenwald, a decision of this Ninth Circuit last fall, reaffirmed you cannot judicially notice principal place of business because the nerve center test requires a factual inquiry into where the decisions managing the corporation are being made and are being issued from. So the issue here is, and even with respect to the appellate request... What do you think needs to be done to determine the nerve center? Are you going to have to take a bunch of depositions of various officials of these companies? In theory, one could, but let me respond to that because there was an opportunity, and I'm going to be up against my rebuttal time shortly, but there was an opportunity in the, first of all, in the prior proceedings for them to move that evidence in and they didn't. And even in what they put forth in the appellate attempt to augment the appellate record, there's no attempt to address that. And the question I think is... You're putting the burden on them. You were the plaintiff. You have the burden on jurisdiction. You should have asked for all of this in discovery. Now you're reopening discovery on jurisdiction. You want to do all this stuff on nerve center and the rest because you were about to lose. But we acknowledged by this time, we did not and could not meet that burden. Mr. Crowe, just before you sit down, what would you have us do? Going forward, do you want us to... Can we reach the summary judgment merits? I would have your honors reverse and vacate the judgment below on lack of jurisdiction or failing that. If we got to the merits or get to the merits for the reasons set forth in our briefing, that the ruling was improper as a summary judgment ruling as well. But regardless, one way or the other, and I've indicated in my briefing, and I will following remand, move to dismiss this case because we have sued, but based on after accrued actions for damages, we have sued in state court, not only this underwriting entity, but the successor years group of Lyndon underwriters or Lloyd's underwriters and the TPA premier and for breach of contract, bad faith, statutory and common law claims. And our view is this declaratory relief claim from 2022 at this point wouldn't serve a purpose anyway. And frankly, when this tentative ruling came out of the blue, 60 days after the judge denied the motions, out of the blue saying, oops, I got it wrong, sua sponte, reconsider, I committed a clear error. No one could see that coming. That literally was unparalleled in my 33 years of experience in a case with counsel on both sides and complex issues and a fully brief and decided for fair enough. At the time that happened, we filed our San Joaquin County case that day. That day. So the idea that we somehow reacted to the tentative ruling by drafting this big complaint against multiple parties on multiple counts, just as fanciful. We were going that route and we were going to move to dismiss this case. I didn't want to take the risk of going to trial in a jurisdictionally questionable case. Here, the evidence has not been put in. Jurisdiction must be proven by evidence. After we conceded we could not do so, the burden was on either the court to confirm evidence existed or London to come forth with it because it had become the proponent of jurisdiction. But the issue of pointing fingers as to who waited and who stalled and oh, I think they were up to gamesmanship and so on is not at all. First of all, it's incorrect. We made earnest efforts to try to smoke this out. But second of all, it doesn't matter. There are Supreme Court cases where the jurisdiction-destroying fact comes up at trial, comes up post-judgment. A lack of jurisdiction is a lack of jurisdiction. Taking you over your time of questions, I'm going to give you your three minutes for rebuttal. Yeah, and I anticipate I may have a hard time getting to the merits. We asked you quite a few questions. So I'll give you your three minutes for rebuttal. I appreciate it. We'll hear from the other side. I appreciate it. All right. So we'll hear from Mr. Allison. Good morning. May it please the court. I'm Stephen Allison with Trautman Pepper Lock and I represent the appellee, certain underwriters at Lloyd's of London. And I had prepared remarks, but I'm going to shift a little bit to address what I think is the issue that is at the forefront of the court's mind and was the major part of the argument before, which is jurisdiction. And let me start with what I think I caught from the questioning was, it was an important point, which is that the proffer, and I'll use the court's term, the proffer that my client made at the trial court level had all the elements necessary, all the facts alleged necessary to support diversity jurisdiction. Even putting aside the unique procedural posture, which I think is significant. But you could have, when you got the, you know, the subjection to jurisdiction, you know, the suggestion of no subject matter jurisdiction, you could have responded by definitively putting this issue to bed. You could have brought in a declaration. You could have attached it. You could have dotted the I's, crossed the T's. It all would be there and we wouldn't be here in this situation. Instead, you just sort of did a lawyer outline and said, we'll give you evidence if you ask for it. Why didn't you just do this the right way? I think there's two answers to that question, Your Honor. The first answer is that we understood or believed, and it wasn't me, it was a prior counsel, that they were facing a facial challenge. That this document that had been filed was suggesting that the statements in the corporate disclosures or that rule 7.1 disclosures were insufficient. And given that that was a facial challenge, the counsel looked and decided, okay, I'm going to fix those, which is what you do if there's a facial challenge. You either say, well, you're correct, or excuse me, you make the legal argument they're good enough, or you amend them and say, okay, wait a minute, I'll amend my pleadings and get it right. So I think that's the first answer. I think the second answer is probably a practical one, which was eve of trial, lots of things happening, very quick time frame. And I would, and again, this is someone's surmise, that it wasn't a situation where it was a regularly noticed motion with a lengthy period of time where you would go get declarations. This was a very, I think I'll use counsel's term, out of the blue suggestion that came on the heels of a tentative ruling. So I think that was why. But if you look at what was actually said, imagine again, this was a unique procedural circumstance, but imagine that this was a notice of removal, which is when a defendant usually has to make jurisdictional allegations. If that was a notice of removal, it would be more than sufficient. It would absolutely have stated the facts that were necessary. Part of the problem here is that when they made their suggestion of lack of jurisdiction, they didn't just say, there's this jurisdictional issue, let's see their proof. What they did was they pointed to the one thing that was in the record that bore on the question of the detail, which is the 7.1 corporate disclosure statement. And frankly, the corporate disclosure statement is quite confusing and on its face seems to raise some jurisdictional questions because it says for the first syndicate that it has a sole member,  and goes through. But then for the others, it does not say there's a sole member. It says, such and such is the managing agent. Such and such capital is provided entirely by a corporate capital provider, which is part of a group. We don't even know who it is. Another syndicate certify that the sole capital provider. Another one is a managing agent. It's not the member kind of, you know, go down the chain analysis that's necessary to establish the diversity jurisdiction. So I think they carry their burden by putting pointing to the 7.1 and said, we've got a real problem here. And you did not in your proffer, explain how you reconcile these two documents. Well, I think I would agree with you that the original 7.1 was problematic or had some issues that needed to be clarified. When that challenge was made, which again is a facial challenge. Wait, I look at these and I see that. Mr. Ellison, I think throughout the suggestion, it's all about facts. Where are the facts? Facts must, they recite that over and over again. So I'm not sure where you're getting the idea that this was just a facial challenge where it would be sufficient to simply proffer in response to the question. Well, I would say it's a facial challenge because they're, they don't put in any of their own facts. They don't say we have reason to believe this is false or this is incorrect or we think you're a citizen of Montenegro. I think as Judge Collins said, I think the disclosure presents, I think that's exactly what they did with respect to the disclosure, that it doesn't cross the T's and dot the I's with respect to most of the potential members here. But again, I would say that that with respect, Your Honor, is a facial challenge. It's equivalent of saying. I just can't see how you say this document, the plaintiff's suggestion of no subject matter jurisdiction is a facial challenge. Parties cannot create jurisdiction by consent or stipulation. It must exist in fact, as proven by real world facts and evidence. That's saying there needs to be evidence. It's not facial. Well, but they're just citing the case law. They're citing the standards. That's unquestionably the standard. But the question is, is in the cases, and I think the, and I'm not entirely sure how to pronounce it, but the Lateet case, L-E-I-T-E, lays out the difference between a factual and a facial challenge. And you don't trigger a factual challenge merely by citing the case law. You have to actually put forth facts. And they put forth the 7.1 and said it's a mess. Correctly said, it's a mess. But that would be the equivalent of saying you're pleading in your complaint about jurisdiction is a mess. So say, for example, you. Well, what were they supposed to do? Well, what would be enough in your view? Well, I think, so if they had legitimate concerns, which let's accept that those concerns weren't driven by a tentative ruling on a summary judgment motion, but let's assume that they are legitimate. Well, I think you've heard that we have concerns about the disclosure. As do I. But for purposes of the hypothetical, let's assume that I think what you what you would do is you could do something similar to what they did. But what we did in response and more importantly, what the district court did in response was appropriate, which is OK. You're telling me you have these concerns and you've now filed something that says you have these concerns. Let me go back and look and see if I can assuage these. Make make it clear. Make my again. It's not pleading because we weren't the plaintiff, but make my disclosures more clear. Clarify them. Address your concerns. I guess where this landed is a minute order in which the district court says based on the evidence that the defendant provided, you'd concede that that your proffer is not evidence. What was provided in the district court was not did not meet the rules of evidence standard for evidence. I would have to say. So how is the rest of this supposed to play out? So we get a response to a factual challenge, if that's what this is? So let's accept your hypothetical that it's a that's a factual challenge or your construction. That's a factual challenge. I think there's several options. Option number one is, and we believe that we threw our request for judicial notice in this court, which we think is appropriate under 201, excuse me, 202 federal rules of evidence and as an exception to rule of appellate procedure 10 that that request for judicial notice is evidence. We're supposed to take, what was it, 155 documents and wade through all this and try and figure out how this makes sense in light of what you put in the 7.1 and without any help? Well, well, I hope that our brief gave some help and walked through it. I just why shouldn't we just, you know, we could do a limited remand. Why shouldn't we just do a limited remand? We'll otherwise retain jurisdiction over the case. Send it back to the district court to clarify this jurisdictional issue. Just get it settled. Get it all out there. Get it done. Dot the I's, cross the T's. The district court will make a finding and then you'll come back here and we'll do the merits. And that is an option. Let me suggest, and I think we laid this out in our papers and the Blue Ridge versus Stan, Stan, in which case allows this, which is you could request affidavits or declarations from us in this court. There's no need to send it back and to use the phrase, I believe it was in one of the cases. We are not a court of first instance. If we're going to get into facts and this may be something where there has to be findings, it would seem the best vehicle for that is a limited remand while we otherwise retain jurisdiction. And I understand why your honor has some concerns about that. Let me suggest here one more time why maybe this is the circumstance, the narrow circumstance, why it would make sense to do, as I suggest, which is there is no suggestion anywhere in the district court, in this court, that any of the facts in that proffer are wrong. There's not been a single piece of evidence at all. But why aren't, why isn't this inquiry now governed by the summary judgment standard? In other words, if it, that was the stage at which jurisdiction was questioned as we've said, and the Supreme Court has said you test jurisdiction at the stage that you're at, we're at summary judgment, this wouldn't be enough. I think if there are disputed facts that the court has to weigh, I don't think that the standard is precisely the same as the summary judgment standard because I think the court can make a factual finding. In other words, it's not a disputed fact question where the court then has to throw up its hands and go, well, I guess a jury decides this. Why doesn't rule 56 require a declaration at least in response? Certainly, and rule 12 does as well, allows for jurisdictional discovery and the possibility of declarations. I'm not suggesting that that would be inappropriate if there is a real question, a real factual question. I mean, one problem I'm looking at side by side, your proffer and the 7.1. And the fifth syndicate, your proffer says the sole member is a particular vibe, corporate entity. And that entity is not mentioned in the 7.1. So right away, I'm like, what's going on? The names don't even match. They do for the others, although they're described differently, the relationship. But this one, they don't even match. Why doesn't this just have to go back to sort this out? Again, I think there was an error that was made in the first one. I think that's. But once you say that there's a factual error, then I'm not saying it's got to go back. What could be an error by counsel? I'm not saying it was a factual error in that in that someone at the client made a mistake. I'm suggesting that that counsel prepared something that was that was that needed to be clarified and that may have misunderstood what needed to be presented. I don't think there's any evidence that there was an actual misstatement. In other words, that there was an intentional misstatement of fact. What's the right test then for jurisdiction over these underwriters and their members? OK, so I'm glad you got to that in my in my short period of time left because I wanted to address that because I think that will be very important, even if we do have a remand, which I'm not conceding is the right path. But if we do. So the majority rule appears to be now in all of your sister circuits, save one, that you do look at the jurisdiction of the names. We've largely conceded that in our brief. But and I think this is a critical point, which council made toward the end of his argument. These all are single member names. In other words, there's one member and they are UK private limited companies. There is a suggestion in the briefing that UK private limited companies should not be treated as corporations under 1332. Carden versus Arcoma does not so hold. Carden versus Arcoma has says nothing about the jurisdiction of foreign entities. Carden versus Arcoma is about what do you do with non corporate US entities? Carden versus Arcoma does not overrule Puerto Rico versus Russell. I know it limits it to its facts, but its facts are about what do we do with foreign corporate entities? A ruling from this court that private UK, UK private limited companies do not count as corporations would be incredibly first off against all the weight of authority that is out there other than two Florida district court cases. I understand their argument. You tell me if I'm misunderstanding it. They're saying that, you know, basically, how do we know that it's not like the equivalent of an LLC, a limited liability corporation, which in most states is equivalent to a partnership and not a corporate. Here's how we know. Two ways. First, every court that's looked at it, save two, has reached that conclusion. Why have they reached that? But that's a question of UK law. Yes, I think you look at that. And what those courts have addressed and what we've cited or the UK Public Companies Act, and I may be using the wrong terminology, but it's the UK Act that states that they are, they have a secretary and at least one director. They are limited liability. They do not have pass-through taxation like a partnership, like an LLC. They do limit the liability of their members to the amount that they put in, unlike those. So does a court then have to take notice of that foreign law as facts as well? Well, I don't believe those are facts. I think you can take judicial notice of those or foreign law. I don't believe you, I don't believe it's quite the same thing as a fact. And again, there's been no suggestion that any of those are incorrect. What's your response to his point on the nerve center question? So I think it would go to the same, it's really the same facial factual question, which is there's been no suggestion that the nerve center of these UK private limited companies is anywhere other than where they say it is, which is London. And that's what it says in our allegations. That's normally the way it works in diversity. People say all the time in their pleadings, my nerve center, my principal place of business is Baltimore, Maryland. And that stands until somebody comes and says, no, it's not. It's Cincinnati, Ohio. And so there's been no suggestion, not even the hint that, no, it's not. It's someplace else other than in the United Kingdom, which is sufficient for diversity purposes here. I did not get to address the summary judgment point, which is which is fine. I think we briefed it adequately and I won't ask for any additional time on that unless there are questions. OK. All right. Thank you, counsel. Thank you so much. All right. So we'll hear rebuttal now. Thank you, Your Honors. What's your view on the question I asked your opposing counsel about whether we should perhaps do a limited remand of the jurisdictional issue to the district court while we otherwise retain jurisdiction over this appeal? I understand the thought. My concerns on that are, first, it's essentially giving them a do-over at great expense and inconvenience to my client. Well, I'm not sure in your situation you should be raising that point. But it is. And second, the jurisdictional discovery to go to the nerve center test on principal place of business under Hertz is a fact-sensitive inquiry. We know even if we take at face value what they've not proven, which is that these five corporate entities are their names, we can tell at a glance one of them is a Markel entity. Everybody knows where Markel is. They're in Virginia. Berkshire Hathaway is in Nebraska. If any of these have a nerve center, maybe they formed a subsidiary to participate in the London market, but shots are really being called by Warren Buffett's team in Nebraska or by the Markel conglomerate in Virginia. Any U.S. principal place of business will destroy diversity. It doesn't even have to be... And the district court will find that out, make a finding, and then let us know. As I said, let me go back to the facial issue I started with, because it's a very important issue here. And I would really ask, please, because in 2025, both the United States Supreme Court and this court in two published decisions in part addressing the Royal Cannon decision have emphasized the primacy and the jurisdictional effect of the pleading. If the facts alleged do not support federal subject matter jurisdiction, the court has no federal subject matter jurisdiction. Royal Cannon and Falk of this court afterwards both held, a plaintiff can amend out jurisdictional allegations and sink subject matter jurisdiction because the pleading must support subject matter jurisdiction. Here, the pleading does not include facts to support subject matter jurisdiction. I factually, as a factual challenge, they fail for all the reasons we've stated. There's no evidence. There's nothing but speculation on principle place. They may well be U.S. principle places of business, which raises an unsettled and difficult issue as to a single dual citizen party that is both a domestic and a foreign citizen. But the break of the law so far on that in the district courts is very heavily against A1, A2, or A3 applying in that situation. There will be no jurisdiction. That is an expensive and wasteful process. We are not interested or inclined to take the risk on. And so the issue is, I think in Rosenberg, they gave the plaintiff an opportunity. They said, you haven't pled sufficient facts as to the defendant's citizenship, Rosenwald, I'm sorry. So you can amend. And Rosenwald amends and does so. And they say, but now you don't plead a mountain controversy. And he says, sorry, I can't. I can't do so. And I'm not interested in doing so. And this court, the Ninth Circuit, said no jurisdiction because we're not going to cobble together a jurisdiction, a citizenship issue from your amended. And what was the stage of the litigation in that case? Excuse me. What was the stage of the litigation in that case? There were challenges. I don't know if that was a pleading challenge or a remand. I'm trying to recall. I know Kimberly-Clark in the end was trying to prop up jurisdiction as Lloyd's is here. And the court said no, because we need to have a pleading that triggers jurisdiction. So the Supreme Court had a royal can. And plaintiff is the master of the complaint, right? If you don't have a pleading that triggers jurisdiction, the rest of it's all noise. And this pleading does not challenge jurisdiction. Now you say, well, 1653, you can always amend your pleading. Yeah, well, you can. But as Rosenwald holds, again, this court last fall, I'm not pulling some dusty old case from the Fourth Circuit. This court last fall, Rosenwald says, we're not going to dragoon the plaintiff in to amending jurisdictional allegations they have no interest in making and don't believe they can make. And that's us here. That is the pleading does not. And I've given you, I've let you go over. And I'm sorry, we understand the arguments in the case just argued is submitted. Thank you, counsel. Thank you, Your Honor.
judges: COLLINS, JOHNSTONE, ALBA